UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LUCAS J. RODDY (#458846) | CIVIL ACTION |
| VERSUS | NO.: 10-00800-BAJ-RLB<br>LEAD CASE |
| BURL CAIN, ET AL. | C/W 11-cv-00730-BAJ-RLB |

## RULING AND ORDER

Before the Court are Petitioner Lucas Roddy's **Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Civil Action No. 10-00800-BAJ-RLB, Doc. 1)** and consolidated **Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Civil Action No. 11-00730-BAJ-RLB, Doc. 1)**. On February 25, 2015, the Magistrate Judge issued a **Report and Recommendation (Doc. 37)**, recommending that the Court deny Petitioner's applications for habeas corpus relief and also deny certificates of appealability. Petitioner, through counsel, timely filed objections to the Magistrate Judge's Report. (Doc. 39).

I. DISCUSSION

Here, the Court finds that discussion is warranted regarding Petitioner's Objection No. 2, on Petitioner's claim of violation of his right to testify. (*See* Doc. 39 at pp. 2–6).[1] Petitioner provides transcript excerpts from his March 2009

---

[1] In response to Objection No. 6 involving Petitioner's claim of post-conviction testing of DNA evidence—the only other objection that did not merely reaffirm the facts and arguments put forth in

1

evidentiary hearing in post-conviction relief proceedings, in which trial counsel Raymond Gautreau and Petitioner both testified that Gautreau advised Petitioner not to testify at trial because of his juvenile record and, apparently, no other compelling reason. Petitioner also asserts that the hearing transcript demonstrates a non-knowing waiver of his right to testify based on his mistaken understanding that "he had a right to testify, but only if his counsel would allow him to testify." (Doc. 39 at p. 5).

This Court assesses claims that counsel unconstitutionally interfered with the right to testify under the two-prong standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) whether counsel's representation fell below the objective standard of reasonableness; and (2) whether there is a reasonable probability that, if counsel had not acted unprofessionally, the outcome of the proceeding would have been different. *See Garza v. Stephens*, 575 F. App'x 404, 413 (5th Cir. 2014), *cert. denied*, No. 14-7279, 2015 WL 852445 (U.S. Mar. 2, 2015); *Bower v. Quarterman*, 497 F.3d 459, 473 (5th Cir. 2007).

Given that the Louisiana Code of Evidence is unambiguous in declaring that juvenile adjudications of delinquency are generally inadmissible as evidence of criminal convictions to attack witness credibility, *see* La. C.E. art. 609.1F, Petitioner asserts that his reliance on counsel's ill advisement demonstrates that he did not

---

his Petition—the Court must emphasize that a habeas petition is a collateral attack on the judgment of conviction pronounced by a court; it is *not* a proper vehicle by which to attempt to induce "a future decision by the State to reduce or commute Roddy's mandatory life sentence." (*See* Doc. 39 at pp. 6–7).

knowingly or voluntarily waive his right to testify. Petitioner further avers that testimony on his own behalf could have affected the outcome of the trial, in particular because his defense was that he was not present during the shooting and only he could directly rebut the testimony of the State's witnesses regarding his actions and whereabouts on the morning of the murder with which he was charged.

Although the Court ultimately is persuaded by the arguments set forth in the Magistrate Judge's Report on Petitioner's claim of the violation of his right to testify,[2] it finds that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005) (*Miller-El v. Cockrell*, 537 U.S. 322 (2003)). "[A]ny doubts as to whether a [certificate of appealability] should issue must be resolved in Petitioner's favor." *Medellin v. Dretke*, 371 F.3d 270, 275 (5th Cir. 2004) (internal alterations omitted). Thus, the Court shall grant certificates of appealability in this matter.

---

[2] (*See* Doc. 19 at pp. 19–22).

## II. CONCLUSION

Having carefully considered Petitioner's two Petitions and related filings—including Petitioner's objections—the Court **APPROVES** the Magistrate Judge's **Report and Recommendation (Doc. 37)** and **ADOPTS** it as the Court's opinion in this matter.

For the reasons explained in the Magistrate Judge's Report and in the instant Ruling and Order,

**IT IS ORDERED** that Petitioner Lucas J. Roddy's two **§ 2254 Petitions** (Civil Action No. 10-00800-BAJ-RLB, Doc. 1; Civil Action No. 11-00730-BAJ-RLB, Doc. 1) are both **DENIED**.

**IT IS FURTHER ORDERED** that certificates of appealability are **GRANTED** for the instant Petitions because Petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Baton Rouge, Louisiana, this 19th day of March, 2015.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

4